1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CREATIVE NAIL DESIGN, INC., | Civil No.    11cv1658-CAB (WMc) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION TO STRIKE THE REPLY AS MOOT** |
| v. | |
| MYCONE DENTAL SUPPLY CO., INC. D/B/A/ KEYSTONE RESEARCH & PHARMACEUTICAL, | **[Doc. Nos. 12, 21]** |
| Defendant. | |

Before the Court is Defendant Mycone Dental Supply Co. d/b/a Keystone Research and Pharmaceutical's Motion to Dismiss or Stay, or in the Alternative, to Transfer this matter to the District of New Jersey. [Doc. No. 12.] Plaintiff filed an opposition, [Doc. No. 19,] and Defendant filed a Reply [Doc. No 20.] Plaintiff filed a Motion to Strike certain portion of the Reply brief. [Doc. No. 21.] Upon consideration of the briefing, for the reasons set forth below, the Court **GRANTS** Defendant's Motion, **DENIES** Plaintiff's motion to strike the reply, and finds that this matter shall be **DISMISSED** without prejudice.

## I.  BACKGROUND

Defendant Keystone is headquartered in Cherry Hill, New Jersey, and is a developer of products for use in the cosmetic fingernail industry.  Keystone owns U.S. Patent No. 5,965,147 ("the '147 Patent"), which is directed to a certain acid-free chemical composition for use as *inter alia*, an artificial finger nail coating. Keystone sells nail coating products utilizing the inventions embodied in the '147 Patent under the brand

name GEL POLISH.  Plaintiff Creative Nail Design ("CND") is in the business of manufacturing, marketing and selling cosmetic nail products.  It markets and sells an integrated fingernail polish system under the brand name SHELLAC.  Keystone claims that CND's products infringe on one or more of the claims of the '147 Patent, and the use of the SHELLAC products by CND's customers infringes at least one method claim of the '147 Patent.

In March of 2011, Keystone informed CND that the SHELLAC products infringed on the '147 Patent and sought to find an amicable resolution of the dispute outside of formal litigation.  After a series of phone conferences, in the ensuing months, Keystone's president sent an email to CND representatives on July 14, 2011 attaching a draft patent infringement Complaint against CND and other related infringers.  Keystone stated that it was prepared to file the attached complaint, but that it would delay filing until July 19, 2011 if CND was willing to negotiate in good faith to reach an amicable resolution, and expressly requested that CND refrain from using the settlement discussions "as a tool to prepare and file an anticipatory declaratory judgment action in a jurisdiction different from the U.S. District Court for the District of New Jersey, named in the attached draft complaint." [Doc. No. 12-1 at 5; Robinson Decl. Ex. 1.]

CND responded to Keystone that it was interested in settlement, and at CND's request, the parties held an in-person settlement discussion on July 26, 2011 in New York City.  Keystone alleges that following the meeting the parties agreed to continue the settlement discussions going forward.  CND, however, filed the present action in this district the following day, seeking declaratory relief as to Keystone's patent claims.  Keystone then proceeded to file its complaint in the New Jersey Action, on July 28, 2011, which contains patent claims, as well as a Lanham Act claim, and other claims under New Jersey state law.  Keystone's complaint also names three of CND's distributors and customers as defendants.

Keystone brought this motion, arguing that this matter should be dismissed or transferred to the District of New Jersey in light of its complaint.  There is no dispute concerning the chronology of the two actions, the similarity of the parties, or the similarity of the issues. The issue before the Court, therefore, is whether, despite the fact that CND was the "first to file," the action, the Court should apply an exception to the "first-to-file rule." Keystone contends that CND's action is an "anticipatory action" and an attempt to engage in forum shopping, and further asserts that the balance of convenience weighs in favor of transfer of the first-filed case to New Jersey.

## II. ANALYSIS

The "first-to-file rule" is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). The rule is meant to promote judicial efficiency, however it is not absolute, and it is within the Court's discretion to determine whether and how to apply the rule. *Id. See also* 28 U.S.C. § 2201; *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002)(*"The exercise of jurisdiction under the Federal Declaratory Judgment Act ... is committed to the sound discretion of the federal district courts.").

The rule may be set aside for equitable reasons "when the filing of the first suit evidences bad faith, anticipatory suit, or forum shopping." *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006), *citing Alltrade v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). "A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit acts on receipt of specific, concrete indications that a suit by the defendant was imminent." *Callaway Golf Co. v. Corporate Trade Inc.*, 09CV384 L(POR), 2010 WL 743829 (S.D. Cal. Mar. 1, 2010). Here, CND does not dispute that it received a letter from Keystone accusing CND of patent infringement, and attaching a draft complaint that Keystone intended to file in the District of New Jersey unless a settlement could be reached. Nor does CND deny that it engaged in settlement discussions the day prior to the filing of its complaint. The Court finds, even without considering the challenged "additional facts" cited in Keystone's reply brief, that CND received concrete indications that Keystone intended to imminently file a lawsuit in New Jersey, and acting on that information, it filed the instant lawsuit in this district. *See First Fishery Development Service, Inc. v. Lane Labs USA, Inc.*, 97CV1069-R, 1997 WL 579165 (S.D. Cal. July 21, 1997) (finding exception to the first-to-file rule applied and dismissing the case where plaintiff filed suit two days before defendant's anticipated date of filing suit); *See also Xoxide, Inc. v. Ford Motor Co.*, 448 F.Supp.2d 1188 (C.D. Cal. 2006) (dismissing declaratory relief action and finding exception to "first-to-file" rule where alleged patent infringer filed anticipatory action after engaging in settlement discussions).

The Court is not persuaded by CND's argument that it filed suit here in order to eliminate the uncertainty surrounding Keystone's claims with respect to the '147 patent. Indeed, CND filed this action within two weeks of receiving the draft New Jersey complaint, and the day after it had engaged in settlement

discussions with Keystone.  CND represents that it unilaterally came to the conclusion after that meeting that the parties were at an "impasse," but CND did not inform Keystone of its conclusion.  The Court agrees with Keystone that the only logical explanation for CND's conduct in filing this action, without first informing Keystone of its intentions, was to have the matter heard in California, rather than Keystone's expressly-communicated choice of New Jersey as its forum. *See First Fishery*, 1997 WL 579165 at * 3 ("The swiftness with which Plaintiff reacted to Defendant's ultimatum indicates that, far from seeking to resolve uncertainty and settle legal relations (both of which could have been done in New Jersey), Plaintiff simply wanted to wrest the choice of forum away from the allegedly aggrieved party.")

Moreover, even accepting CND's contention that it did not believe Keystone really intended to file its lawsuit, and that it did not file this suit in an attempt to forum shop, declaratory relief here would still be inappropriate because Keystone did file its lawsuit.  *See id.*, fn. 2 (finding declaratory relief would serve "no useful purpose" because the second-filed New Jersey action could effectively settle the legal claims at issue).  *See also Xoxide*, 448 F.Supp. at 1193 ("Where the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, even when filed later.") (internal quotations omitted).  Here it is undisputed that the claims are essentially the same in both lawsuits, and at most the convenience to the parties and nonparty witnesses are equally as convenient in California and New Jersey.  CND may adequately raise its arguments as counterclaims and defenses in the New Jersey action.

/
/
/
/
/
/
/
/
/
/
/

4

11cv1658

### III.  CONCLUSION

The Court finds, in its discretion, that to impose the "first-to-file" rule in this circumstance would unreasonably penalize Keystone for its attempt to resolve this dispute without bringing the matter to Court. Because the claims here may be adequately resolved by the District of New Jersey, and the convenience to the parties and witnesses appear to be at least equal in both fora, if not more convenient in New Jersey, the Court finds it appropriate that Keystone's Motion [Doc. No. 12] be **GRANTED**, and the matter shall be **DISMISSED** without prejudice**.**  Plaintiff's Motion to Strike the Reply [Doc. No. 21] is **DENIED** as moot since the Court did not reach the disputed content of the reply in arriving at its conclusion.

**IT IS SO ORDERED.**

DATED:  June 11, 2012

_____

**CATHY ANN BENCIVENGO**
United States District Judge

Da

11cv1658